IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELO ROSARIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0084 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On March 14, 2005, petitioner ANGELO ROSARIO filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20040150722 and the resultant loss of ten (10) days previously accrued good time credits. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
ELIGIBILITY FOR RELEASE TO MANDATORY SUPERVISION

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas

application, petitioner advises he is in respondent's custody pursuant to a November 30, 1987 conviction for the "second degree" felony offense of murder out of the 338th Judicial District Court of Harris County, Texas, and the resultant life sentence. In his habeas application, petitioner indicates he is eligible for mandatory supervised release.

Petition committed the offense of murder with a deadly weapon on January 4, 1987. Prior to September 1, 1987, all prisoners who committed any offense but did not receive a sentence of death were eligible for mandatory supervised release.[1] Therefore, looking solely to petitioner's offense and the absence of a death sentence, petitioner appears to be eligible for mandatory supervision. However, due to the nature of his underlying sentence of life imprisonment, petitioner is factually <u>in</u>eligible for mandatory supervision. A term of life imprisonment does not have a maximum term or discharge date other than death. It is not possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. As stated in *Brown v. Cockrell*, 2002 WL 638584, *3, 3:01cv1425-R (N.D. Tex. April 17, 2002):

> [A] life sentence is not capable of calculation under the mandatory supervision statute. *See Randall v. Cockrell,* 2001 WL 1597829, No. 3:01cv 530-X (N.D. Tex. Dec. 11, 2001); *Elliott v. Johnson,* 2001 WL 123984, 3:01cv1425-R (N.D. Tex. Jan. 16, 2001). The Texas Court of Criminal Appeals recently reached the same conclusion in *Ex parte Franks,* 71 S.W.3d 327, 2001 WL 1636423 (Tex.Crim.App. Dec. 19, 2001) (No. 74,123). It explained: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id*. at 2. Therefore,

---

[1] The statute in effect at that time stated:

A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he is sentenced.

TEX. CODE CRIM. PRO. art. 42.18 § 8(c) (Vernon 1987).

> Petitioner is not eligible for mandatory supervised release on his life sentence.
>
> Because Petitioner is not entitled to early release or mandatory supervision, the loss of good-time credits in his case does not affect the fact or duration of his sentence and, therefore, does not deprive him of a liberty interest.

As petitioner will never be released to mandatory supervision due to his life sentence, he is factually <u>not</u> eligible for mandatory supervised release. As petitioner is factually not eligible for release to mandatory supervision, petitioner is not entitled to federal habeas corpus relief.

To the extent, if any, petitioner raises other claims not challenging the disciplinary proceeding, such claims are without merit. Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted).

Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging his prison disciplinary case should be DENIED.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANGELO ROSARIO be DENIED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this <u>6th</u> day of May 2005.


                                            <u>/s/ Clinton E. Averitte</u>
                                            CLINTON E. AVERITTE
                                            UNITED STATES MAGISTRATE JUDGE


### * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).